SEYFARTH SHAW LLP
Pamela Q. Devata (*pro hac vice* forthcoming)
pdevata@seyfarth.com
John W. Drury (*pro hac vice* forthcoming)
jdrury@seyfarth.com
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

SEYFARTH SHAW LLP
Selyn Hong (SBN 303398)
shong@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant
CHECKR, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY HOWELL on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CHECKR, INC.,<br><br>Defendant. | Case No. _____<br><br>**DEFENDANT CHECKR, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>[28 U.S.C. §§ 1331, 1441, 1446]<br><br>Trial Date: Not Set<br>Date Action Filed: June 23, 2017<br>Summons/Complaint Served: July 10, 2017 |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF GREGORY HOWELL AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant CHECKR, INC. hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331, to effect the removal of the above-captioned action from the Superior Court of California, County of San Francisco, to the United States District Court for the Northern District of California, and states that removal is proper for the reasons set forth below.

## PLEADINGS, PROCESSES, AND ORDERS

1.   On June 23, 2017, Plaintiff GREGORY HOWELL ("Plaintiff") filed a purported Class Action Complaint For Damages against Defendant CHECKR, INC. ("Defendant") in the Superior Court of California, County of San Francisco, entitled *Gregory Howell, on behalf of himself and all others similarly situated v. Checkr, Inc.*, Case No. CGC 17-559721.

2.   Plaintiff's Complaint purports to allege claims for relief against Defendant stemming from Defendant's alleged preparation of consumer reports on individuals like Plaintiff. Plaintiff bases all of his claims on alleged violations by Defendant of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

3.   All process, pleadings, notices, and orders served upon Defendant in this action are attached as **Exhibit A** pursuant to 28 U.S.C. § 1446(a) and are incorporated by reference as though fully set forth herein.

## TIMELINESS OF REMOVAL

4.   On July 10, 2017, Plaintiff served Defendant with the Summons and Complaint by substituted service.

5.   This Notice of Removal is timely as it is being filed within thirty (30) days after service of the Summons and Complaint. 28 U.S.C. § 1446(b); Fed. Rule Civ. Proc. 6(a); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999) (30-day deadline to remove commences upon service of the summons and complaint).

## BASIS FOR REMOVAL

## FEDERAL QUESTION JURISDICTION

6.   28 U.S.C. § 1331 provides that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

7.   Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over the instant action based on federal question jurisdiction in that Plaintiff's Complaint asserts claims under the FCRA, 15 U.S.C. § 1681 *et seq.*, a federal statute.

8.   Specifically, Plaintiff asserts the following three claims under the FCRA: (1) alleged failure to follow reasonable procedures in purported violation of 15 U.S.C. § 1681e(b) (**Exhibit A**,

Complaint at ¶¶ 39-43.); (2) alleged inclusion of obsolete information in purported violation of 15 U.S.C. § 1681c(a) (**Exhibit A**, Complaint at ¶¶ 44-49); and (3) alleged failure to respond to file request in purported violation of 15 U.S.C. § 1681g. (**Exhibit A**, Complaint at ¶¶ 50-53.) Accordingly, this action presents a federal question over which this Court has original jurisdiction under 28 U.S.C. § 1331, and removal of Plaintiff's Complaint is proper.

## VENUE

9. Defendant's principal place of business is in the County of San Francisco. (*See* **Exhibit A**, Complaint at ¶¶ 10, 13.) The County of San Francisco lies within the jurisdiction of the United States District Court for the Northern District of California.

10. Venue lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 84(a), 1391, 1441(a) and 1446(a). This action was originally brought in the Superior Court of the State of California, County of San Francisco and thus should be removed to the San Francisco or Oakland Division of this Court per Civil Local Rules 3-2(c) and (d).

## SERVICE OF NOTICE OF REMOVAL ON STATE COURT

11. A true and correct copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California in and for the County of San Francisco as required under 28 U.S.C. § 1446(d).

WHEREFORE, Defendant prays that this civil action be removed from the Superior Court of California, County of San Francisco to the United States District Court for the Northern District of California, San Francisco or Oakland Division.

DATED: July 28, 2017

Respectfully submitted,

SEYFARTH SHAW LLP

By: _____
Pamela Q. Devata (*pro hac vice* application forthcoming)
John W. Drury (*pro hac vice* application forthcoming)
Selyn Hong
Attorneys for Defendant
CHECKR, INC.