# EXHIBIT A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CHECKR, INC.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

GREGORY HOWELL on behalf of himself and all others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* San Francisco Superior Court <br><br> 400 McAllister Street, <br> San Francisco, CA 94102 | CASE NUMBER: <br> *(Número del Caso):* **17 559721** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Carolyn Hunt Cottrell, 2000 Powell Street, Suite 1400, Emeryville, CA 94608; (415) 421-7100

| DATE: <br> *(Fecha)* **JUN 23 2017** | CLERK OF THE COURT Clerk, by <br> *(Secretario)* **DE LA VEGA-NAVARRO, Rosaly** | , Deputy <br> *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**BY FAX**
ONE LEGAL LLC

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* CHECKR, INC.

under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 <br> www.courtinfo.ca.gov |

Carolyn H. Cottrell (SBN 166977)
David C. Leimbach (SBN 265409)
SCHNEIDER WALLACE
COTTRELL KONECKY
WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100
Fax: (415) 421-7105
ccottrell@schneiderwallace.com
dleimbach@schneiderwallace.com

E. Michelle Drake*
Joseph C. Hashmall*
BERGER & MONTAGUE, P.C.
43 SE Main Street, Suite 505
Minneapolis, MN 55414
Tel: (612) 594-5999
Fax: (612)584-4470
emdrake@bm.net
jhashmall@bm.net
*pro hac vice forthcoming

Attorneys for Plaintiff

**ENDORSED**
**F I L E D**
Superior Court of California
County of San Francisco

**JUN 2 3 2017**

**CLERK OF THE COURT**
BY: __ROSSALY DELAVEGA__
Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SAN FRANCISCO

CGC 17-559724   BY FAX
ONE LEGAL LLC

| | |
|---|---|
| GREGORY HOWELL on behalf of himself and all others similarly situated, | Case No. |
| Plaintiff, | **CLASS ACTION COMPLAINT FOR DAMAGES** |
| v. | (I) – (III) Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* |
| CHECKR, INC. | |
| Defendant. | **JURY TRIAL DEMANDED** |

Plaintiff Gregory Howell, by and through his attorneys, on behalf of himself and the Classes set forth below, brings the following Class Action Complaint against Checkr, Inc. ("Checkr" or "Defendant").

CLASS ACTION COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

**INTRODUCTION**

1.     This consumer class action is brought under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA") against a screening company that routinely violates the FCRA's basic protections by failing to follow reasonable procedures to ensure that the driving and criminal record information it reports is accurate and reportable under the law, and by failing to appropriately respond to requests for information.

2.     Recognizing that the content of consumer reports can have a significant impact on people's lives, Congress has chosen to regulate the procurement, use, and content of those reports through the FCRA.

3.     Plaintiff seeks to hold Defendant accountable for its willful and systemic violations of the FCRA. Defendant has willfully violated the FCRA by routinely reporting inaccurate information on consumers.

4.     Defendant's failure to ensure that its reports are accurate, complete and up to date is illustrated by the experience of Plaintiff, who had multiple job applications harmed by Defendant's failure to accurately report his driving history.

5.     On the basis of these errors, Plaintiff brings claims under 15 U.S.C. § 1681e(b), which requires consumer reporting agencies ("CRAs") to follow reasonable procedures to ensure maximum possible accuracy in their reports.

6.     In addition to producing reports which are inaccurate, Defendant has also reported adverse information on consumers which antedates the reports by more than seven years. The FCRA unambiguously forbids reporting any criminal or other adverse information on consumers, other than convictions of crimes, which predates the report by more than seven years. *See* 15 U.S.C. § 1681c.

7.     Plaintiff's reports contained non-criminal traffic violations older than seven years. Because these records were not criminal convictions, they could not lawfully be reported.

8.     Further complicating Plaintiff's efforts to correct these errors is the fact that Defendant fails to provide consumers with all information in their files on request.

-2-

CLASS ACTION COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

1    Accordingly, Plaintiff also brings claims for failure to properly respond to his request for a

2    copy of his file, in violation of 15 U.S.C. § 1681g.

3                                    **THE PARTIES**

4         9.     Plaintiff Gregory Howell is an individual person and a resident of Charlotte,

5    North Carolina.

6         10.    Defendant Checkr, Inc. is a Delaware corporation with its principal place of

7    business in San Francisco, California.

8         11.    Plaintiff is a "consumer" and Defendant is a "consumer reporting agency"

9    as defined by the FCRA, 15 U.S.C. § 1681a.

10                           **JURISDICTION AND VENUE**

11        12.    This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p

12   and Cal. Civ. Code § 410.10.

13        13.    Venue is proper in the County of San Francisco as Defendant is

14   headquartered in this County.

15                            **STATUTORY BACKGROUND**

16        14.    Enacted in 1970, the FCRA's passage was driven in part by two related

17   concerns: first, that consumer reports were playing a central role in people's lives at crucial

18   moments, such as when they applied for employment or housing.  Second, despite their

19   importance, consumer reports were unregulated and had widespread errors and

20   inaccuracies.

21        15.    Recognizing that consumer reports play an important role in the economy,

22   Congress wanted consumer reports to be "fair and equitable to the consumer" and to ensure

23   "the confidentiality, accuracy, relevancy, and proper utilization" of consumer reports.  15

24   U.S.C. § 1681.

25        16.    15 U.S.C. § 1681e(b) requires consumer reporting agencies to follow

26   reasonable procedures to ensure the maximum possible accuracy of the information they

27   report.

28

-3-

CLASS ACTION COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

17.     15 U.S.C. § 1681c requires that consumer reporting agencies not report adverse information, other than criminal convictions, that is older than seven years.

18.     15 U.S.C. § 1681g requires consumer reporting agencies to, upon request, provide consumers with a copy of their file and to identify all sources of the information in that file.

## ALLEGATIONS RELATING TO PLAINTIFF

19.     In 2016, Plaintiff applied for positions with three different companies. As a part of the application process, each of those three companies requested a consumer report from Checkr, which Checkr provided.

20.     Specifically, on March 22, 2016, Checkr provided a report on Plaintiff to non-party Breeze Labs. (Ex. 1.) On March 26, 2016, Checkr provided a report on Plaintiff to non-party Uber. (Ex. 2.) And on April 15, 2016, Checkr provided a report on Plaintiff to non-party DoorDash. (Ex. 3.)

21.     Despite the fact that these three reports were issued within one month of each other, they contained inconsistent information. The Breeze Labs report indicated that Plaintiff's driving record was both "not found" and suspended, while the Uber report issued four days later correctly noted that Plaintiff had a valid license, which he had held since 1998. A few weeks after that, Checkr reverted, incorrectly reporting to DoorDash that Plaintiff's driving history only went back to March 2016, i.e., that Plaintiff had only had a driver's license since March 2016.

22.     Moreover, the reports themselves contradicted the dates that they indicated Plaintiff had held a valid driver's license. As discussed below, the reports contained records of traffic violations other than driving without a license which pre-dated March 2016, but indicated Plaintiff had only been driving since March 2016.

23.     If Checkr had obtained Plaintiff's record from the state of North Carolina, it would have seen, on the very first page of that record, that his license was originally issued in 1998. (*See* Ex. 4.) Defendant's failure to obtain and/or consult that record was inexcusable.

-4-

24.   Checkr has previously received complaints indicating that it was using incorrect dates to determine the length of time for which individuals had been licensed drivers.

25.   To make matters worse, both the Uber and DoorDash reports contained unreportable information in violation of §1681c.

26.   Both reports contain numerous entries listed as infractions in North Carolina, such as speeding or "improper equipment – speedometer," which were older than seven years at the time the reports were issued. "Infractions" in North Carolina are non-criminal offenses. N.C. Stat. § 14-3.1. Because infractions are not criminal convictions, they cannot be reported more than seven years after the fact.

27.   By reporting the non-criminal infractions on the Uber and DoorDash reports, Checkr violated § 1681c.

28.   Plaintiff requested the full contents of his file from Checkr on September 30, 2016. Checkr responded on January 10, 2017. While Checkr's response contains contact information for various entities who supply data to Checkr, the response does not indicate which of those entities supplied which information. Nor does the response contain the actual information Checkr received from any of those entities.

29.   Checkr's supplier entities refuse to respond to consumer file disclosure requests. So, Plaintiff does not know who reported what to Checkr.

30.   Until approximately the middle of 2016, Checkr responded to file disclosure requests by including copies of the information it received from its vendors. However, fearing liability based on sharing this information with consumers, and in the hope of avoiding litigation against its vendors, Checkr subsequently ceased this practice.

## CLASS ALLEGATIONS

31.   Plaintiff asserts his claims on behalf of the Classes defined below:

a.   The 1681c(b) Class:

> All natural persons upon whom Defendant produced a report containing North Carolina driving records, which included an

-5-

CLASS ACTION COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

incorrect time period for the period during which the consumer held a driver's license at any time from the date two years prior to the filing of this Complaint and continuing through the resolution of this case.

b. The 1681c Class:

All natural persons upon whom Defendant produced a report which included records older than seven years old, which were not criminal convictions, at any time from the date two years prior to the filing of this Complaint and continuing through the resolution of this case.

32. This action is brought, and may properly be maintained, as a class action under Cal. Civ. Code § 382 as there is a well-defined community of interest in the litigation and the proposed Classes are ascertainable from Defendant's records.

33. Numerosity: The Classes are so numerous that joinder of all class members is impracticable. Defendant produces reports nationwide, and has produced thousands of reports on consumers during the class period, many of whom are members of the Classes.

34. Typicality: Plaintiff's claims are typical of the class members' claims. Defendant treated Plaintiff in the same manner as other class members.

35. Adequacy: Plaintiff will fairly and adequately protect the interests of the Classes, and have retained counsel experienced in complex class action litigation.

36. Commonality: Common questions of law and fact exist as to all members of the Classes and predominate over any questions solely affecting individual members of the Classes. These common questions include:

    a. Whether Defendant willfully violated the FCRA by failing to provide full copies of consumers' files upon request pursuant to §1681g;

    b. Whether Defendant willfully violated the FCRA by failing to follow reasonable procedures to ensure maximum possible accuracy pursuant to §1681e(b);

    c. Whether Defendant willfully violated the FCRA by reporting out of date records in violation of §1681c(a);

-6-

CLASS ACTION COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

d.  Whether Defendant is a consumer reporting agency and subject to the requirements of the FCRA;

e.  The proper measure of statutory and punitive damages; and

f.  The proper form of declaratory relief.

37.  Class certification is appropriate under Cal. Civ. Code § 382 because questions of law and fact common to the Classes predominate over any questions affecting only individual members of the Classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA.  Members of the Classes do not have an interest in pursuing separate actions against Defendant, as the amount of each class member's individual claim is small compared to the expense and burden of individual prosecution, and Plaintiff is unaware of any similar claims brought against Defendant by any members of the Classes on an individual basis.  Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices.  Moreover, management of this action as a class action will not present any likely difficulties.  In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all class members' claims in a single forum.

## COUNT I
### 15 U.S.C. § 1681e(b)
### *Failure to Follow Reasonable Procedures*
### *On Behalf of Plaintiff and the 1681e(b) Class*

38.  Plaintiff incorporates the paragraphs above.

39.  Defendant failed to comply with 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the driving records it reported, including by reporting inconsistent information to different employers within a short period of time.

40.  The foregoing violations were negligent.

-7-

41.   The foregoing violations were willful.

42.   Defendant acted in negligent, deliberate and reckless disregard of its obligations and the rights of Plaintiff and class members under 15 U.S.C. § 1681e(b). Defendant's negligent and willful conduct is reflected by, *inter alia*, the following:

    a.   Defendant's reports on Plaintiff are inconsistent with each other on a point which should not have changed – how long Plaintiff's driving history is.  This information was readily available from his driving records, but Defendant did not consult them.

    b.   Defendant had received reports from other consumers indicating that it was using incorrect dates to determine how long a consumer had been driving.

    c.   The FCRA was enacted in 1970; Defendant has had over 40 years to become compliant.

    d.   Defendant's conduct is inconsistent with the FTC's longstanding regulatory guidance, judicial interpretation, and the plain language of the statute.

    e.   Defendant knew or had reason to know that Defendant's conduct violated the FCRA.

    f.   By adopting such a policy, Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

43.   Plaintiff and the 1681e(b) Class are entitled to statutory damages of not less than $100 and not more than $1,000 for this violation.  Plaintiff is also entitled to punitive damages and to recover costs and attorneys' fees.

-8-

CLASS ACTION COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

**COUNT II**
**15 U.S.C. § 1681c(a)**
*Inclusion of Obsolete Information*
*On Behalf of Plaintiff and the 1681c Class*

44.  Plaintiff incorporates the paragraphs above.

45.  Defendant failed to comply with 15 U.S.C. § 1681c by reporting adverse information which was older than seven years and which was not a criminal conviction.

46.  The foregoing violations were negligent.

47.  The foregoing violations were willful.

48.  Defendant acted in negligent, deliberate and reckless disregard of its obligations and the rights of Plaintiff and class members under 15 U.S.C. § 1681c. Defendant's negligent and willful conduct is reflected by, *inter alia*, the following:

  a.  Defendant takes no action to determine if the records older than seven years it reports are criminal convictions or not. Rather, it simply parrots the information it receives from its vendors. This failure is unreasonable and willful.

  b.  The FCRA was enacted in 1970; Defendant has had over 40 years to become compliant.

  c.  Defendant's conduct is inconsistent with the FTC's longstanding regulatory guidance, judicial interpretation, and the plain language of the statute.

  d.  Defendant knew or had reason to know that Defendant's conduct violated the FCRA.

  e.  By adopting such a policy, Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

49.  Plaintiff and the 1681c Class are entitled to statutory damages of not less than $100 and not more than $1,000 for this violation. Plaintiff is also entitled to punitive damages and to recover costs and attorneys' fees.

-9-

CLASS ACTION COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

**COUNT III**
15 U.S.C. § 1681g
*Failure to Provide File Disclosures*
*On Behalf of Plaintiff individually*

50.    Plaintiff incorporates the paragraphs above.

51.    Defendant failed to produce all information it had regarding Plaintiff, despite Plaintiff's valid request pursuant to §1681g.

52.    Defendant acted in negligent, deliberate and reckless disregard of its obligations and the rights of Plaintiff under 15 U.S.C. § 1681g. Defendant's negligent and willful conduct is reflected by, *inter alia*, the following:

a.    Section 1681g is very simple – Defendant must provide copies of the files it has on consumers upon request.

b.    Defendant was at one time complying with the law, providing all information received from its suppliers, but Defendant subsequently affirmatively changed its policy to omit the contents of reports it receives from its suppliers.

c.    The FCRA was enacted in 1970; Defendant has had over 40 years to become compliant.

d.    Defendant's conduct is inconsistent with the FTC's longstanding regulatory guidance, judicial interpretation, and the plain language of the statute.

e.    Defendant knew or had reason to know that Defendant's conduct violated the FCRA.

f.    By adopting such a policy, Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

53.    Plaintiff is entitled to statutory damages of not less than $100 and not more than $1,000 for this violation. Plaintiff is also entitled to punitive damages and to recover costs and attorneys' fees.

-10-

CLASS ACTION COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

## PRAYER FOR RELIEF

54.    WHEREFORE, Plaintiff, on behalf of himself and the Classes, prays for relief as follows:

     a.   Determining that this action may proceed as a class action under Cal. Civ. Code § 382;

     b.   Designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Classes;

     c.   Issuing proper notice to the Classes at Defendant's expense;

     d.   Declaring that Defendant violated the FCRA;

     e.   Declaring that Defendant acted willfully, in knowing or reckless disregard of Plaintiff's rights and its obligations under the FCRA;

     f.   Awarding actual, statutory and punitive damages as provided by the FCRA; Awarding reasonable attorneys' fees and costs as provided by the FCRA; and

     g.   Granting other and further relief, in law or

     h.    equity, as this Court may deem appropriate and just.

Respectfully submitted,
SCHNEIDER WALLACE COTTRELL
KONECKY WOTKYNS LLP

Date:    June 22, 2017

Carolyn Hunt Cottrell

*Attorneys for Plaintiff*

-11-

CLASS ACTION COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

1

## DEMAND FOR JURY TRIAL

2        Pursuant to Section 16, Article I of the California Constitution, and Cal. Code Civ.

3   Proc. § 631, Plaintiff and the Classes demand a trial by jury.

4

5                       Respectfully submitted,

6                       SCHNEIDER WALLACE COTTRELL
                    KONECKY WOTKYNS LLP

7

8   Date:    June 22, 2017

9                       Carolyn Hunt Cottrell

10                      *Attorneys for Plaintiff*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

# Exhibit 1

# Report for Gregory Matthew Howell



California Applicants/Employees Only: The report does not guarantee the accuracy or truthfulness of the information as to the subject of the investigation, but only that it is accurately copied from public records, and information generated as a result of identity theft, including evidence of criminal activity, may be inaccurately associated with the consumer who is the subject of the report. An investigative consumer reporting agency shall provide a consumer seeking to obtain a copy of a report or making a request to review a file, a written notice in simple, plain English and Spanish setting forth the terms and conditions of his or her right to receive all disclosures, as provided in Section 1786.26.

Sólo para los Solicitantes/Empleados de California: En el informe no se garantiza la exactitud o veracidad de la información en cuanto al tema de la investigación, sino sólo que se ha copiado exactamente de los registros públicos, y la información generada como resultado del robo de identidad, incluyendo las pruebas de una actividad delictiva, podría estar incorrectamente asociada con el consumidor que sea el sujeto del informe. Una agencia investigadora de informes de crédito deberá suministrarle a un consumidor que trate de obtener una copia de un informe o solicite revisar un archivo una notificación por escrito en inglés y español lisos y llanos, en la que se establezcan los términos y las condiciones de su derecho a recibir toda la información, como se dispone en la Sección 1786.26.

Personal information

First Name
Gregory
Middle Name
Matthew
Last Name
Howell
Date of Birth

Social Security #

Zipcode
████
Driver License
████████ (MD)
Prior Driver License
-
Email
████████@gmail.com
Phone
████████
Custom ID
140148


Report information

Package
mvr
Created at
Mar 14, 2016 11:48:08 PM
Completed at
Mar 22, 2016 12:30:07 AM


Motor Vehicle Record

Full name

-

License Status
Not Found
License Type

-

License Class

-

Expiration Date

-

Issued Date

-

First Issued Date

-

Requester Company: Breeze Labs

Checkr, Inc.
2505 Mariposa Street
San Francisco, CA 94110

844-824-3257
https://checkr.com/applicant

# Exhibit 2

# Report for Gregory Howell

consider

California Applicants/Employees Only: The report does not guarantee the accuracy or truthfulness of the information as to the subject of the investigation, but only that it is accurately copied from public records, and information generated as a result of identity theft, including evidence of criminal activity, may be inaccurately associated with the consumer who is the subject of the report. An investigative consumer reporting agency shall provide a consumer seeking to obtain a copy of a report or making a request to review a file, a written notice in simple, plain English and Spanish setting forth the terms and conditions of his or her right to receive all disclosures, as provided in Section 1786.26.

Sólo para los Solicitantes/Empleados de California: En el informe no se garantiza la exactitud o veracidad de la información en cuanto al tema de la investigación, sino sólo que se ha copiado exactamente de los registros públicos, y la información generada como resultado del robo de identidad, incluyendo las pruebas de una actividad delictiva, podría estar incorrectamente asociada con el consumidor que sea el sujeto del informe. Una agencia investigadora de informes de crédito deberá suministrarle a un consumidor que trate de obtener una copia de un informe o solicite revisar un archivo una notificación por escrito en inglés y español lisos y llanos, en la que se establezcan los términos y las condiciones de su derecho a recibir toda la información, como se dispone en la Sección 1786.26.

Personal information

infraction
Disposition
DISMISSAL W/O LEAVE
Disposition Date
Nov 2, 2012
Offense Date
Aug 22, 2012

 St Charles, MO

 Cabarrus, NC

IMPROPER EQUIP - SPEEDOMETER (STATUTE: 20-123.2)

Jun 2, 2012

Address
▇▇▇▇▇▇▇ SHELBY, NC, ▇▇
Case Number
12CR 707889F484363
Court Jurisdiction
AOC - NORTH CAROLINA - CABARRUS
DOB
▇▇▇▇▇▇▇
Full Name
GREGORY MATTHEW HOWELL

Charge
IMPROPER EQUIP - SPEEDOMETER (STATUTE: 20-123.2)
Classification
infraction
Disposition
RESPONSIBLE
Disposition Date
Jun 3, 2013
Offense Date
Jun 2, 2012
Sentence
FINE: 25.00 COURT COSTS: 238.00

Charge
EXPIRED REGISTRATION CARD/TAG (STATUTE: 20-111(2))
Classification
traffic
Disposition
DISMISSAL W/O LEAVE
Disposition Date
Jun 3, 2013
Offense Date
Jun 2, 2012


 Scotland, NC

IMPROPER EQUIP - SPEEDOMETER (STATUTE: 20-123.2)
Jul 8, 2007
Address
████████████████ CHARLOTTE, NC, ████████
Case Number
07CR 0025835165219
Court Jurisdiction
AOC - NORTH CAROLINA - SCOTLAND
DOB
████████████
Full Name
GREGORY MATTHEW HOWELL


Charge
IMPROPER EQUIP - SPEEDOMETER (STATUTE: 20-123.2)
Classification
infraction
Disposition
RESPONSIBLE
Disposition Date
Aug 30, 2007
Offense Date
Jul 8, 2007
Sentence
FINE: 125.00 COURT COSTS: 120.00

consider  Union, NC

IMPROPER EQUIP - SPEEDOMETER (STATUTE: 20-123.2)

Jun 26, 2008

Address

████████████████ CHARLOTTE, NC, █████

Case Number

08CR 004861C9353978

Court Jurisdiction

AOC - NORTH CAROLINA - UNION

DOB

████████████

Full Name

GREGORY MATTHEW * HOWELL


Charge

IMPROPER EQUIP - SPEEDOMETER (STATUTE: 20-123.2)

Classification

infraction

Disposition

RESPONSIBLE

Disposition Date

Sep 19, 2008

Offense Date

Jun 26, 2008

Sentence

FINE: 24.00 COURT COSTS: 121.00


IMPROPER EQUIP - SPEEDOMETER (STATUTE: 20-123.2)

Feb 15, 2009

Address

████████████████ CHARLOTTE, NC █████

Case Number

09CR 70100784E5828

Court Jurisdiction

AOC - NORTH CAROLINA - UNION

DOB

████████████

Full Name
GREGORY MATTHEW HOWELL


Charge
IMPROPER EQUIP - SPEEDOMETER (STATUTE: 20-123.2)
Classification
infraction
Disposition
RESPONSIBLE
Disposition Date
Mar 29, 2010
Offense Date
Feb 15, 2009
Sentence
FINE: 100.00 COURT COSTS: 165.00


Lexington, SC


Prince Georges, MD


Richland, SC


Motor Vehicle Record

Full name
GREGORY MATTHEW HOWELL
License Status
Valid
License Type
PERSONAL
License Class
C
Expiration Date

Apr 27, 2021
Issued Date
Jan 4, 2016
Issued Date (inferred)
Mar 26, 2013
First Issued Date
Nov 24, 1998


Restrictions

- NONE



Requester Company: Uber

Checkr, Inc.
2505 Mariposa Street
San Francisco, CA 94110

844-824-3257
https://checkr.com/applicant

# Exhibit 3

# Report for Gregory Matthew Howell

consider

California Applicants/Employees Only: The report does not guarantee the accuracy or truthfulness of the information as to the subject of the investigation, but only that it is accurately copied from public records, and information generated as a result of identity theft, including evidence of criminal activity, may be inaccurately associated with the consumer who is the subject of the report. An investigative consumer reporting agency shall provide a consumer seeking to obtain a copy of a report or making a request to review a file, a written notice in simple, plain English and Spanish setting forth the terms and conditions of his or her right to receive all disclosures, as provided in Section 1786.26.

Sólo para los Solicitantes/Empleados de California: En el informe no se garantiza la exactitud o veracidad de la información en cuanto al tema de la investigación, sino sólo que se ha copiado exactamente de los registros públicos, y la información generada como resultado del robo de identidad, incluyendo las pruebas de una actividad delictiva, podría estar incorrectamente asociada con el consumidor que sea el sujeto del informe. Una agencia investigadora de informes de crédito deberá suministrarle a un consumidor que trate de obtener una copia de un informe o solicite revisar un archivo una notificación por escrito en inglés y español lisos y llanos, en la que se establezcan los términos y las condiciones de su derecho a recibir toda la información, como se dispone en la Sección 1786.26.

Personal information

First Name

Gregory

Middle Name

Matthew

Last Name

Howell

Date of Birth



Social Security #

███████████

Geo

DC

Zipcode

█████

Driver License

███████████ (MD)

Prior Driver License

-

Email

███████████@gmail.com

Phone

-███████████

## Report information

Package

driver_standard

Created at

Mar 28, 2016 6:22:14 PM

Upgraded at

Mar 28, 2016 9:58:33 PM

Completed at

Apr 15, 2016 6:22:17 PM

SSN Verification

Sex Offender Search

Global Watchlist Search

National Criminal Search 

See County Criminal Searches.


County Criminal Searches 

consider   Mecklenburg, NC

SPEEDING (STATUTE: 20-141(B))                    Nov 3, 2002

Address
████████████████████ CHARLOTTE, NC ██████████████
Case Number
02CR 076616C3167260
Court Jurisdiction
AOC - NORTH CAROLINA - MECKLENBURG
DOB
████████████████
Full Name
GREGORY MATTHEW HOWELL


Charge
SPEEDING (STATUTE: 20-141(B))
Classification
infraction
Disposition
RESPONSIBLE
Disposition Date
Mar 6, 2003

Offense Date
Nov 3, 2002
Sentence
FINE: 10.00 COURT COSTS: 100.00


SPEEDING (STATUTE: 20-141(B))                    Feb 21, 2003

Address
████████████████████ CHARLOTTE, NC, ███████████
Case Number
03CR 011742C3300362
Court Jurisdiction
AOC - NORTH CAROLINA - MECKLENBURG
DOB
████████████
Full Name
GREGORY MATTHEW HOWELL


Charge
SPEEDING (STATUTE: 20-141(B))
Classification
infraction
Disposition
RESPONSIBLE
Disposition Date
Jun 26, 2003
Offense Date
Feb 21, 2003
Sentence
FINE: 50.00 COURT COSTS: 100.00


ASSAULT ON A FEMALE (STATUTE: 14-33(C)(2))    Feb 19, 2010

Address
████████████████ CHARLOTTE, NC, ███████████
Case Number
10CR 207642
Court Jurisdiction
AOC - NORTH CAROLINA - MECKLENBURG
DOB

███████████
Full Name
GREGORY MATTHEW HOWELL


Charge
ASSAULT ON A FEMALE (STATUTE: 14-33(C)(2))
Classification
misdemeanor
Disposition
PRAYER FOR JUDGMENT
Disposition Date
Mar 24, 2011
Offense Date
Feb 19, 2010


    INTERFERE EMERG COMMUNICATION (STATUTE: 14-286.2)
                                              Feb 19, 2010
Address
████████████ CHARLOTTE, NC, ████████
Case Number
10CR 207643
Court Jurisdiction
AOC - NORTH CAROLINA - MECKLENBURG
DOB
███████████
Full Name
GREGORY MATTHEW HOWELL


Charge
INTERFERE EMERG COMMUNICATION (STATUTE: 14-286.2)
Classification
misdemeanor
Disposition
NOT GUILTY
Disposition Date
Jun 18, 2010
Offense Date
Feb 19, 2010

 Cabarrus, NC

IMPROPER EQUIP - SPEEDOMETER (STATUTE: 20-123.2)

Jun 2, 2012

Address
███████████████████ SHELBY, NC, ████
Case Number
12CR 707889F484363
Court Jurisdiction
AOC - NORTH CAROLINA - CABARRUS
DOB
██████████
Full Name
GREGORY MATTHEW HOWELL


Charge
IMPROPER EQUIP - SPEEDOMETER (STATUTE: 20-123.2)
Classification
infraction
Disposition
RESPONSIBLE
Disposition Date
Jun 3, 2013
Offense Date
Jun 2, 2012
Sentence
FINE: 25.00 COURT COSTS: 238.00


Charge
EXPIRED REGISTRATION CARD/TAG (STATUTE: 20-111(2))
Classification
traffic
Disposition
DISMISSAL W/O LEAVE
Disposition Date
Jun 3, 2013
Offense Date
Jun 2, 2012

 Cleveland, NC

EXPIRED REGISTRATION CARD/TAG (STATUTE: 20-111(2))

Aug 22, 2012

Address

██████████ SHELBY, NC, ████

Case Number

12CR 703379F792974

Court Jurisdiction

AOC - NORTH CAROLINA - CLEVELAND

DOB

████████████

Full Name

GREGORY MATTHEW HOWELL


Charge

EXPIRED REGISTRATION CARD/TAG (STATUTE: 20-111(2))

Classification

traffic

Disposition

DISMISSAL W/O LEAVE

Disposition Date

Nov 2, 2012

Offense Date

Aug 22, 2012


Charge

EXPIRED/NO INSPECTION (STATUTE: 20-183.8(A)(1))

Classification

infraction

Disposition

DISMISSAL W/O LEAVE

Disposition Date

Nov 2, 2012

Offense Date

Aug 22, 2012

 Scotland, NC

IMPROPER EQUIP - SPEEDOMETER (STATUTE: 20-123.2)

Jul 8, 2007

Address
 CHARLOTTE, NC,
Case Number
07CR 0025835165219
Court Jurisdiction
AOC - NORTH CAROLINA - SCOTLAND
DOB

Full Name
GREGORY MATTHEW HOWELL


Charge
IMPROPER EQUIP - SPEEDOMETER (STATUTE: 20-123.2)
Classification
infraction
Disposition
RESPONSIBLE
Disposition Date
Aug 30, 2007
Offense Date
Jul 8, 2007
Sentence
FINE: 125.00 COURT COSTS: 120.00


Union, NC

IMPROPER EQUIP - SPEEDOMETER (STATUTE: 20-123.2)

Jun 26, 2008

Address
CHARLOTTE, NC,
Case Number
08CR 004861C9353978
Court Jurisdiction
AOC - NORTH CAROLINA - UNION
DOB

████████

Full Name
GREGORY MATTHEW * HOWELL


Charge
IMPROPER EQUIP - SPEEDOMETER (STATUTE: 20-123.2)
Classification
infraction
Disposition
RESPONSIBLE
Disposition Date
Sep 19, 2008
Offense Date
Jun 26, 2008
Sentence
FINE: 24.00 COURT COSTS: 121.00


IMPROPER EQUIP - SPEEDOMETER (STATUTE: 20-123.2)

Feb 15, 2009

Address
████████████████ CHARLOTTE, NC, ██████
Case Number
09CR 70100784E5828
Court Jurisdiction
AOC - NORTH CAROLINA - UNION
DOB
████████
Full Name
GREGORY MATTHEW HOWELL


Charge
IMPROPER EQUIP - SPEEDOMETER (STATUTE: 20-123.2)
Classification
infraction
Disposition
RESPONSIBLE
Disposition Date
Mar 29, 2010
Offense Date

Feb 15, 2009
Sentence
FINE: 100.00 COURT COSTS: 165.00

Lexington, SC

## Motor Vehicle Record

Full name
GREGORY MATTHEW HOWELL
License Status
Valid
License Type
PERSONAL
License Class
C
Expiration Date
Apr 27, 2024
Issued Date
Mar 15, 2016
Issued Date (inferred)
Mar 15, 2016
First Issued Date
-

Requester Company: DoorDash

Checkr, Inc.
2505 Mariposa Street
San Francisco, CA 94110

844-824-3257

https://checkr.com/applicant

# Exhibit 4



NORTH CAROLINA DIVISION OF MOTOR VEHICLES
RDLSI/DRIVING RECORD

REPORT TYPE: CERTIFIED REPORT                          PAGE NO:    1
NAME: HOWELL GREGORY MATTHEW                           DATE: 05-23-17
ADDRESS: ███████████████████
CITY:   CHARLOTTE            STATE: NC   ZIP: ███████   TOTAL POINTS:     0
DOB: ████████  HEIGHT: 6 FT. 00 IN.   SEX: M  EYES: BRO  HAIR: BLK  RACE: B
PRIMARY LICENSE NO: █████████████
SECONDARY LICENSE NO:                  NON-RESIDENT MILITARY: N  REAL ID: N
ORG. ISS.DT: 11-24-98 OS DL NO: X050180024            OS STATE: MO


     *** DRIVER LICENSE STATUS: CLS C ACTIVE ***


          LIC                                  LMT COND
CLASS GRP TYP ISSUE DT  EXPIR DT CDL  DISQ  PROB  PRIV RESTR   STATUS
  C       D  05-09-17  04-27-21  N    N     N     N    N       ACTIVE
ENDORS:
RSTR: 0  NONE
CRD TRNS:0019094390




  OCCUR/      CONV/
  BEG DATE    END DATE        NATURE OF RECORD OR DIVISION ACTION      POINTS


01-04-16   04-27-21  DUP ISS: CLS C          EN:
                                             RSTR:0  NONE


08-28-13   04-27-21  DUP ISS: CLS C          EN:
                                             RSTR:0  NONE


03-26-13   04-27-21  ORG ISS: CLS C          EN:
                                             RSTR:0  NONE


06-02-12   06-03-13  CONV:  (202)IMPROPER EQUIPMENT - SPEEDOMETER
                     COURT: CABARRUS COUNTY COURT, NC
                     COURT: AOC #: 2012CR 707889     CITATION ID: 0F484363


06-04-10   02-27-11  SUSP: FAIL TO COMPLY WITH OUT-OF-STATE CITATION
12-04-09   03-08-10  CONV:  (619)FAIL TO COMPLY O/S CITATION
                     COURT: YORK/BETHESDA MAGISTRATE, SC
                     COURT: AOC #: E218991           CITATION ID: 2100


12-04-09   01-12-10  CONV:  (313)SPEEDING ( 69 MPH IN A 60)
                     COURT: MAG L BENFIELD, SC
                     COURT: AOC #: E218991           CITATION ID: 5651520




          **** CONTINUE ON TO PAGE  2 ****

I certify that the foregoing is a true copy of the driver's license record of the within named person on the file
in the Driver License Section of the N.C. Division of Motor Vehicles.

Signed: _____

          Commissioner, Division of Motor Vehicles



NORTH CAROLINA DIVISION OF MOTOR VEHICLES
RDLSI/DRIVING RECORD

PAGE NO:    2
DATE: 05-23-17

CUST ID  000026815954

| OCCUR/<br>BEG DATE | CONV/<br>END DATE | NATURE OF RECORD OR DIVISION ACTION | POINTS |
|---|---|---|---|
| 07-17-09 | 04-27-11 | DUP ISS: CLS C          EN:<br>                   RSTR:0  NONE | |
| 02-15-09 | 03-29-10 | CONV:  (202)IMPROPER EQUIPMENT - SPEEDOMETER<br>COURT: UNION COUNTY COURT, NC<br>COURT: AOC #: 2009CR 701007    CITATION ID: 084E5828 | |
| 08-05-08 | 04-27-11 | DUP ISS: CLS C          EN:<br>                   RSTR:0  NONE | |
| 06-26-08 | 09-19-08 | CONV:  (202)IMPROPER EQUIPMENT - SPEEDOMETER<br>COURT: UNION COUNTY COURT, NC<br>COURT: AOC #: 2008CR 004861    CITATION ID: C9353978 | |
| 11-04-06 | 12-07-06 | CONV:  (S16)RDLSI SPEED 16-20 ABOVE LIMIT<br>COURT: WASHINGTON DIST CRT, KY<br>COURT: AOC #: 06T000805A      CITATION ID: 06T00080 | |
| 05-15-06 | 04-27-11 | REN ISS: CLS C          EN:<br>                   RSTR:0  NONE | |
| 07-27-04 | 08-26-04 | CONV:  (308)RUNNING RED LIGHT<br>COURT: GASTON COUNTY COURT, NC<br>COURT: AOC #: 04IF 010513      CITATION ID: C4573383 | 3 |
| 02-24-03 | 04-27-06 | DUP ISS: CLS C          EN:<br>                   RSTR:0  NONE | |
| 02-21-03 | 06-26-03 | CONV:  (313)SPEEDING ( 64 MPH IN A 55)<br>COURT: MECKLENBURG COUNTY COURT, NC<br>COURT: AOC #: 03CR 011742      CITATION ID: C3300362 | 3 |
| 11-03-02 | 03-06-03 | CONV:  (313)SPEEDING ( 44 MPH IN A 35)<br>COURT: MECKLENBURG COUNTY COURT, NC<br>COURT: AOC #: 02CR 076616      CITATION ID: C3167260 | 2 |
| 04-26-01 | 04-27-06 | REN ISS: CLS C          EN:<br>                   RSTR:0  NONE | |

**** CONTINUE ON TO PAGE  3  ****

I certify that the foregoing is a true copy of the driver's license record of the within named person on the file in the Driver License Section of the N.C. Division of Motor Vehicles.

Signed: _Jack E. Bath_____

Commissioner, Division of Motor Vehicles



NORTH CAROLINA DIVISION OF MOTOR VEHICLES
RDLSI/DRIVING RECORD

PAGE NO:   3
DATE: 05-23-17

CUST ID   000026815954

```
OCCUR/      CONV/
BEG DATE    END DATE      NATURE OF RECORD OR DIVISION ACTION        POINTS


11-10-00   11-28-00   CONV:  (311)STOP SIGN VIOLATION
                      COURT: MECKLENBURG COUNTY COURT, NC                 PJC
                      COURT: AOC #: 00IF 033261      CITATION ID: C0816478

05-23-00   04-27-01   DUP ISS: CLS C        EN:
                                            RSTR:0  NONE

08-20-99              ACDNT: MECKLENBURG COUNTY, NC
                      ACDNT: CASE ID:000158803

11-24-98   04-27-01   ORG ISS: CLS C        EN:
                                            RSTR:0  NONE

02-09-98   01-11-99   DUP ISS: CLS C        PRMT EN:
                                            RSTR:10 ACCOMPANIED BY DRIVER LICENSED

07-11-97   01-11-99   ORG ISS: CLS C        PRMT EN:
                                            RSTR:10 ACCOMPANIED BY DRIVER LICENSED

02-07-96   04-27-01   ORG ISS: ID           EN:
```

ACCIDENTS NOTED ON THIS DOCUMENT SHALL NOT BE
CONSIDERED DETERMINATIVE OF FAULT OR NEGLIGENCE
ON THE PART OF THE INDIVIDUAL

**** CONTINUE ON TO PAGE  4 ****

I certify that the foregoing is a true copy of the driver's license record of the within named person on the file
in the Driver License Section of the N.C. Division of Motor Vehicles.

Signed: _Josh E. Both_

Commissioner, Division of Motor Vehicles



NORTH CAROLINA DIVISION OF MOTOR VEHICLES
RDLSI/DRIVING RECORD

CUST ID  000026815954

PAGE NO:     4
DATE: 05-23-17

WITHDRAWALS
NO WITHDRAWAL DATA TO REPORT

CONVICTIONS
NO CONVICTION DATA TO REPORT

ACCIDENTS
NO ACCIDENT DATA TO REPORT

* *    END OF DR   * *

I certify that the foregoing is a true copy of the driver's license record of the within named person on the file
in the Driver License Section of the N.C. Division of Motor Vehicles.

Signed:  _Josh E. Both_

Commissioner, Division of Motor Vehicles

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
─ Carolyn H. Cottrell (SBN 166977)
  Schneider Wallace Cottrell Konecky Wotkyns LLP
  2000 Powell Street, Suite 1400
  Emeryville, CA 94608
  TELEPHONE NO.: (415) 421-7100    FAX NO.: (415) 421-7105
ATTORNEY FOR *(Name):* Gregory Howell

*ENDORSED*
*FILED*
Superior Court of California
County of San Francisco

JUN 23 2017

CLERK OF THE COURT
ROSSALY DELAVEGA
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
Gregory Howell v. Checkr, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ✓ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CGC 17-559721 |
| | | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

   **Auto Tort**
   ☐ Auto (22)
   ☐ Uninsured motorist (46)
   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   ☐ Asbestos (04)
   ☐ Product liability (24)
   ☐ Medical malpractice (45)
   ☐ Other PI/PD/WD (23)
   **Non-PI/PD/WD (Other) Tort**
   ☐ Business tort/unfair business practice (07)
   ☐ Civil rights (08)
   ☐ Defamation (13)
   ☐ Fraud (16)
   ☐ Intellectual property (19)
   ☐ Professional negligence (25)
   ☐ Other non-PI/PD/WD tort (35)
   **Employment**
   ☐ Wrongful termination (36)
   ☐ Other employment (15)

   **Contract**
   ☐ Breach of contract/warranty (06)
   ☐ Rule 3.740 collections (09)
   ☐ Other collections (09)
   ☐ Insurance coverage (18)
   ☐ Other contract (37)
   **Real Property**
   ☐ Eminent domain/Inverse condemnation (14)
   ☐ Wrongful eviction (33)
   ☐ Other real property (26)
   **Unlawful Detainer**
   ☐ Commercial (31)
   ☐ Residential (32)
   ☐ Drugs (38)
   **Judicial Review**
   ☐ Asset forfeiture (05)
   ☐ Petition re: arbitration award (11)
   ☐ Writ of mandate (02)
   ☐ Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   ☐ Antitrust/Trade regulation (03)
   ☐ Construction defect (10)
   ☐ Mass tort (40)
   ☐ Securities litigation (28)
   ☐ Environmental/Toxic tort (30)
   ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
   **Enforcement of Judgment**
   ☐ Enforcement of judgment (20)
   **Miscellaneous Civil Complaint**
   ☐ RICO (27)
   ✓ Other complaint *(not specified above)* (42)
   **Miscellaneous Civil Petition**
   ☐ Partnership and corporate governance (21)
   ☐ Other petition *(not specified above)* (43)

2. This case ✓ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties       d. ✓ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve       e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ✓ Substantial amount of documentary evidence       f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✓ monetary   b. ✓ nonmonetary; declaratory or injunctive relief   c. ✓ punitive
4. Number of causes of action *(specify):* 3
5. This case ✓ is ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 22, 2017
Carolyn Hunt Cottrell
─────────────────────────────
*(TYPE OR PRINT NAME)*          *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

BY FAX
ONE LEGAL LLC

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CASE NUMBER: CGC-17-559721  GREGORY HOWELL VS. CHECKR, INC.

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

DATE:  **NOV-22-2017**

TIME:  **10:30AM**

PLACE:  **Department 610**
**400 McAllister Street**
**San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.  **This case is eligible for electronic filing and service per Local Rule 2.11. For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

## ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**
**(SEE LOCAL RULE 4)**

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3869

See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.



## Superior Court of California, County of San Francisco
## Alternative Dispute Resolution
## Program Information Package



> The plaintiff must serve a copy of the ADR information package
> on each defendant along with the complaint.  (CRC 3.221(c))

### WHAT IS ADR?

Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial.  There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences.  In ADR, trained, impartial people decide disputes or help parties decide disputes themselves.  They can help parties resolve disputes without having to go to court.

### WHY CHOOSE ADR?

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial." (Local Rule 4)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.**  A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.**  The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.**  For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

### HOW DO I PARTICIPATE IN ADR?

Litigants may elect to participate in ADR at any point in a case.  General civil cases may voluntarily enter into the court's ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet) at the clerk's office located at 400 McAllister Street, Room 103;
- Indicating your ADR preference on the Case Management Statement (also attached to this packet); or
- Contacting the court's ADR office (see below) or the Bar Association of San Francisco's ADR Services at 415-782-8905 or www.sfbar.org/adr for more information.

For more information about ADR programs or dispute resolution alternatives, contact:

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA   94102
415-551-3869

*Or, visit the court ADR website at www.sfsuperiorcourt.org*

The San Francisco Superior Court offers different types of ADR processes for general civil matters; each ADR program is described in the subsections below:

## 1) SETTLEMENT CONFERENCES

The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute early in the litigation process.

**(A) THE BAR ASSOCIATION OF SAN FRANCISCO (BASF) EARLY SETTLEMENT PROGRAM (ESP):** ESP remains as one of the Court's ADR programs (see Local Rule 4.3) but parties must select the program – the Court no longer will order parties into ESP.

**Operation:** Panels of pre-screened attorneys (one plaintiff, one defense counsel) each with at least 10 years' trial experience provide a minimum of two hours of settlement conference time, including evaluation of strengths and weakness of a case and potential case value. On occasion, a panelist with extensive experience in both plaintiff and defense roles serves as a sole panelist. BASF handles notification to all parties, conflict checks with the panelists, and full case management. The success rate for the program is 78% and the satisfaction rate is 97%. Full procedures are at: www.sfbar.org/esp.

**Cost:** BASF charges an administrative fee of $295 per party with a cap of $590 for parties represented by the same counsel. Waivers are available to those who qualify. For more information, call Marilyn King at 415-782-8905, email adr@sfbar.org or see enclosed brochure.

**(B) MANDATORY SETTLEMENT CONFERENCES:** Parties may elect to apply to the Presiding Judge's department for a specially-set mandatory settlement conference. See Local Rule 5.0 for further instructions. Upon approval of the Presiding Judge, the court will schedule the conference and assign the case for a settlement conference.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO,** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending.

**Operation:** Experienced professional mediators, screened and approved, provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection. The BASF website contains photographs, biographies, and videos of the mediators as well as testimonials to assist with the selection process. BASF staff handles conflict checks and full case management. Mediators work with parties to arrive at a mutually agreeable solution. The success rate for the program is 64% and the satisfaction rate is 99%.

**Cost:** BASF charges an administrative fee of $295 per party. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waivers of the administrative fee are available to those who qualify. For more information, call Marilyn King at 415-782-8905, email adr@sfbar.org or see the enclosed brochure.

**(B) JUDICIAL MEDIATION** provides mediation with a San Francisco Superior Court judge for civil cases, which include but are not limited to, personal injury, construction defect, employment, professional malpractice, insurance coverage, toxic torts and industrial accidents. Parties may utilize this program at anytime throughout the litigation process.

**Operation:** Parties interested in judicial mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court will coordinate assignment of cases for the program. There is no charge for the Judicial Mediation program.

**(C) PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, parties may elect any private mediator of their choice; the selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

## 3)   ARBITRATION

An arbitrator is neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

**(A) JUDICIAL ARBITRATION:** When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial.

**Operation:** Pursuant to CCP 1141.11, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed. Local Rule 4.2 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after the filing of a complaint. There is no cost to the parties for judicial arbitration.

**(B) PRIVATE ARBITRATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE THE ATTACHED STIPULATION TO ADR AND SUBMIT IT TO THE COURT. YOU MUST ALSO CONTACT BASF TO ENROLL IN THE LISTED BASF PROGRAMS. THE COURT DOES NOT FORWARD COPIES OF STIPULATIONS TO BASF.



## What is ESP?

The Bar Association of San Francisco's **Early Settlement Program (ESP)** is available as one of San Francisco Superior Court's Alternative Dispute Resolution (ADR) programs [Local Rule 4.3].

ESP is a **highly successful** ADR program that handles cases in areas of law such as business, personal injury, employment, labor, civil rights, discrimination, insurance, malpractice, landlord/tenant, and many others.

ESP is **unique** in that the panelists, in helping you move toward settlement, can provide you confidential feedback about their evaluation of your case, including opinions as to potential case value.

For more information as well as the complete Policies & Procedures, go to: **www.sfbar.org/esp**

## Who are the Panelists?

The experienced attorneys with at least **10 years** of trial experience. Panels consist of a plaintiff and/or a defense attorney. Some times an additional new or less experienced (in both types of representation or sex) exists as solo panelist.

## Costs

There is a $295 administrative fee per party, capped at $590 for multiple parties represented by the same attorney. To apply for a waiver of running this program if you have the waiver with the Superior Court your fee will be waived by the ESP program.

## Contact

▶ **email: esp@sfbar.org**

▶ **phone: 415-982-1600**

▶ **fax: 415-989-0381**

## Steps:

The forms you need can be found at **www.sfbar.org/esp**, or email adr@sfbar.org or call 415-782-8905 for a packet to be sent to you.

❶ Please complete the ESP Agreement and return it to BASF via email at adr@sfbar.org or by fax to 415-989-0381. You don't have to get the other parties to sign, just send yours.

❷ When all parties have signed the ESP Agreement, you will be sent the Notice of ESP, along with an invoice.

❸ There is a $295 administrative fee per party, with a cap of $590 for multiple parties represented by the same attorney. You can pay by check, money order or credit card.

❹ Send your administrative fee by fax, email or mail to: BASF / ESP, 301 Battery Street, Third Floor, San Francisco, California 94111.

❺ When BASF receives the fees from all parties, your matter will be assigned to a panelist (or panel of 2), who you will work with to set the date, time and location for your conference.

❻ If you must reschedule your ESP conference date, work with the other side and your panelist(s) to set the new date. BASF does not need to be notified.

❼ Before your conference, provide a copy of your description of the dispute to all parties and panelists. BASF does not need a copy.

❽ If the matter is settled in your ESP conference, congratulations!

❾ If the matter is not settled in your ESP conference, your initial court date remains the same.





# MEDIATION SERVICES

FOR OUTSTANDING ADR SERVICES
Voted into the Hall of Fame in The Recorder's "Best of Poll"

5 YEARS IN A ROW
2010 – 2014

THE BAR ASSOCIATION OF SAN FRANCISCO

## TESTIMONIALS

"This was the third attempt to mediate this case, and the BASF mediator was far and away the best mediator. I dare say that we would not have settled today but for his efforts."

*George Yuhas, Esq.*
*Orrick, Herrington & Sutcliffe LLP*

"We had an excellent experience and, after 8 1/2 hours of mediation, [the BASF mediator] settled a very difficult case involving claims against four clients of ours by a wealthy investor who claimed inadequate disclosure was made."

*Robert Charles Friese, Esq.*
*Shartsis Friese LLP*

"When the other side made their offer, I thought there was no way we would reach an agreement – we were too far apart, but the mediator brought us together. He saved me a lot of time and aggravation by facilitating a settlement. Thanks!"

*Leslie Caplan*
*Global Warming Campaign Manager*
*Bluewater Network*

"BASF staff was very helpful – stayed on the task and kept after a hard to reach party. The mediator was great!"

*Mark Abelson, Esq.*
*Campagnoli, Abelson & Campagnoli*

"The [BASF] mediator was excellent! He was effective with some strong, forceful personalities."

*Denise A. Leadbetter, Esq.*
*Zacks, Utrecht & Leadbetter*

PROCEDURES, PODCASTS, FORMS, MEDIATOR BIOGRAPHIES AND PHOTOGRAPHS:
www.sfbar.org/mediation
adr@sfbar.org or
415-982-1600

## Experienced mediators are available in the following areas

- Business
- Civil Rights
- Commercial
- Construction
- Contracts
- Disability
- Discrimination
- Education
- Employment/Workplace
- Environmental
- Family
- Family-Certified Specialists
- Fee Disputes
- Financial
- Government
- Insurance
- Intellectual Property
- Inter-Organizational
- Labor
- Landlord/Tenant
- Land Use
- LGBT Issues
- Malpractice, Legal-Medical-Professional
- Partnership Dissolutions
- Personal Injury
- Probate/Trust
- Products Liability
- Real Estate
- Securities
- Taxation
- Uninsured Motorist
- And more...

**QUALITY** | **EXPERIENCE** | **TRUST**

## WHAT IS BASF'S MEDIATION SERVICE?

The Bar Association of San Francisco's Mediation Services is a private mediation service which will assist you with almost any type of dispute, from simple contract disputes to complex commercial matters.

## WHO ARE THE MEDIATORS?

They are established mediators who have private mediation practices and have met our extensive experience requirements. By going through BASF you receive the services of these highly qualified mediators at a great value.

## HOW DO I LEARN MORE ABOUT THE MEDIATORS?

BASF's website at www.sfbar.org/mediation provides bios, photos and hourly rates of mediators. You can search by name or by area of law needed for your case. BASF staff is always available to assist you with selection or to answer questions.

## HOW MUCH DOES THE SERVICE COST?

A $295 per party administrative fee is paid to BASF at the time the Consent to Mediate form is filed. This fee covers the first hour of mediator preparation time and the first two hours of session time. Time beyond that is paid at the mediator's normal hourly rate.

## HOW IS THE MEDIATOR CHOSEN?

You may request a specific mediator from our website (www.sfbar.org/mediation) and indicate your choice on the BASF Consent to Mediate form, or you may indicate on the form that you would like BASF staff to assist with the selection.

## WHY SHOULD I GO THROUGH BASF? CAN'T I JUST CALL THE MEDIATOR DIRECTLY?

BASF mediators have agreed to provide three free hours as a service to BASF. If you go directly to one of our mediators, you do not qualify for the free hours unless you notify us. Once you have filed with us, you will talk directly to the mediator to ask questions and to set a convenient mediation date and time.

## HOW LONG IS THE MEDIATION SESSION?

The time spent in mediation will vary depending on your dispute. BASF mediators are dedicated to reaching a settlement, whether you need a few hours or several days.

## WHO CAN USE THE SERVICE?

BASF mediation can be utilized by anyone and is NOT limited to San Francisco residents or issues. Also, the service may be used before a court action is filed or at any time during a court action.

## OUR CASE IS FILED IN COURT. HOW DO WE USE BASF'S MEDIATION SERVICES?

When you file the San Francisco Superior Court's Stipulation to ADR form, check the box indicating "Mediation Services of BASF." Then complete BASF's Consent to Mediate form found on our website and file it with us. (If the matter was filed in a different county, please check with that court for the appropriate process.)

## WE ARE ON A DEADLINE; HOW QUICKLY CAN WE MEDIATE?

Once all parties have filed all the paperwork, BASF can normally have you in touch with the mediator within a day or two. If there is a deadline, BASF staff will give the matter top priority.

## WHAT TYPES OF DISPUTES CAN I MEDIATE?

BASF mediators are trained in 30+ areas of law. If you don't see the area you need on our website or in this brochure, contact us; it is very likely we can match your need with one of our panelists.

## MORE INFORMATION

Visit our website (www.sfbar.org/mediation) where you can search by name or area of law. For personal assistance, please call 415.982.1600.

**WWW.SFBAR.ORG/MEDIATION • ADR@SFBAR.ORG • 415.982.1600**



# Superior Court of California
# County of San Francisco

### Expedited Jury Trial Information Sheet

## What is an expedited jury trial?

An expedited jury trial is a trial that is much faster and has a smaller jury than a traditional jury trial. An expedited jury trial differs from a regular jury trial in several ways:

- **The trial will be shorter.** Each side has 3 hours to make opening statements, present witnesses and evidence, and make closing statements.

- **The jury will be smaller.** There will be 8 jurors instead of 12.

- **Choosing the jury will be faster.** The parties will exercise fewer preemptory challenges.

- **Parties will waive some post trial motions and rights to appeal.** Appeals are allowed only if there is: (1) Misconduct of the judicial officer that materially affected substantial rights of a party; (2) Jury misconduct; or (3) Corruption or fraud or some other bad act that prevented a fair trial.

  In addition, parties may not ask the judge to set the jury verdict aside, except on those same grounds.

## Does the jury have to reach a unanimous decision?

No. Just as in a traditional civil jury trial, only three-quarters of the jury must agree in order to reach a decision in an expedited jury trial. With 8 people on the jury, that means that at least 6 of the jurors must agree on the verdict in an expedited jury trial.

## Is the decision of the jury binding on the parties?

Generally, yes. A verdict from a jury in an expedited jury trial is like a verdict in a traditional jury trial. However, parties who take part in expedited jury trials are allowed to make an agreement before the trial that guarantees that the defendant will pay a certain amount to the plaintiff even if the jury decides on a lower payment or no payment. That agreement may also impose a cap, or maximum, on the highest amount that a defendant has to pay, even if the jury decides on a higher amount. These agreements are commonly known as "high/low agreements."

## How do I qualify for an expedited jury trial?

The process can be used in any civil case. To have an expedited jury trial, both sides must want one. Each side must agree that it will use only three hours to put on its case and agree to the other rules described above. This agreement must be put in writing in a Stipulation and submitted along with a Proposed Consent Order Granting an Expedited Jury Trial, which is given to the court for approval. The court will usually agree to the Consent Order.

## How do I request an expedited jury trial?

To have an expedited jury trial, both sides must submit a Stipulation and Proposed Consent Order for Expedited Jury Trial to the court for approval. This may happen at three stages of litigation:

**1) At Filing and Prior to Setting of a Trial Date:** Parties may submit a Stipulation to Expedited Jury Trial to Dept. 610 using the attached short form (see below). Parties must

*Information adapted from Judicial Council's Expedited Jury Trial Information Sheet EJT-010-INFO, New January 1, 2011*

also submit a Proposed Consent Order for Expedited Jury Trial to Dept. 610.

2) After a Trial Date has been Set: Parties submit a Stipulation and Proposed Consent Order for Expedited Jury Trial directly to Dept. 206 at least *30 days* prior to the assigned trial date.

3) After Trial Assignment: A Proposed Consent Order for Expedited Jury Trial may be submitted immediately to the assigned trial department not less than *30 days* prior to the assigned trial date.

Also, after a case is assigned to a particular judge for trial, the parties may ask the trial judge to have an Expedited Jury Trial, and the judge may permit the parties to then sign the appropriate Stipulation and Proposed Consent Order for Expedited Jury Trial.

**Can I change my mind after agreeing to an expedited jury trial?**

No, unless the other side or the court agrees. Once you and the other side have agreed to take part in an expedited jury trial the agreement is binding on both sides.

-------------------------------------------------------------------

**Expedited Jury Trial Request**
*Please submit a copy of this request to Dept. 610.*

Case No. _____

Case Name: _____ v. _____

The parties would like this action to be submitted to an Expedited Jury Trial.

The parties shall submit a consent order to the Court on or by _____.

| | | |
|---|---|---|
| _____ | _____ | _____ |
| Name of Party | Name of Party/Attorney | Signature of Party |
| | | Dated: _____ |
| _____ | _____ | _____ |
| Name of Party | Name of Party/Attorney | Signature of Party |
| | | Dated: _____ |
| _____ | _____ | _____ |
| Name of Party | Name of Party/Attorney | Signature of Party |
| | | Dated: _____ |

Please note: a [Proposed] Consent Order for Expedited Jury Trial is still required in addition to this stipulation form.

> You can find the law and rules governing expedited jury trials in Code of Civil Procedure sections 630.01–630.12 and in rules 3.1545–3.1552 of the California Rules of Court. You can find these at any county law library or online. The statutes are online at *www.leginfo.ca.gov/calaw.html*. The rules are at *www.courts.ca.gov/rules.*

*Information adapted from Judicial Council's Expedited Jury Trial Information Sheet EJT-010-INFO, New January 1, 2011*

*Page 2 of 2*

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Carolyn H. Cottrell, SBN 166977<br>Schneider Wallace Cottrell Konecky Wotkyns LLP<br>2000 Powell Street, Suite 1400<br>Emeryville, CA 94608<br>TELEPHONE NO.: 415-421-7100    FAX NO. *(Optional):* 415-421-7105<br>E-MAIL ADDRESS *(Optional):* ccottrell@schneiderwallace.com<br>ATTORNEY FOR *(Name):* Plaintiff Gregory Howell | **ELECTRONICALLY<br>FILED**<br>*Superior Court of California,<br>County of San Francisco*<br>**07/05/2017**<br>·Clerk of the Court<br>BY:NADITA MASON<br>Deputy Clerk |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco |
|---|
| STREET ADDRESS: 400 McAllister Street |
| MAILING ADDRESS: 400 McAllister Street |
| CITY AND ZIP CODE: San Francisco, CA 94102 |
| BRANCH NAME: Civic Center Courthouse |

| PLAINTIFF/PETITIONER: Gregory Howell | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Checkr, Inc. | CGC-17-559721 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☐ other *(specify documents):* Notice of Initial Case Mgmt. Conference, Early Settlement Program Brochure, Mediation Services Brochure, Expedited Jury Trial Info. Sheet, Case Mgmt. Statement Form CM-110
3. a. Party served *(specify name of party as shown on documents served):*
   Checkr, Inc.

   b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   Daniel Yanisse, Registered Agent
4. Address where the party was served: 1 Montgomery Street, Suite 2000
   San Francisco, CA 94104
5. I served the party *(check proper box)*
   a. ☐ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*                     (2) at *(time):*
   b. ☒ by substituted service. On *(date):* 6/29/2017 at *(time):* 4:50 pm I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*
   Joe Gentle, Assistant to Daniel Yanisse
   (1) ☒ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
   (4) ☒ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* 6/30/17 from *(city):* San Francisco   or ☐ a declaration of mailing is attached.
   (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|



2177115-1   BERMO 185057 5083

| PLAINTIFF/PETITIONER: Gregory Howell | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Checkr, Inc. | CGC-17-559721 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the
address shown in item 4, by first-class mail, postage prepaid.

    (1) on *(date):*              (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed
to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☒ On behalf of *(specify):* Checkr, Inc.
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
  a. Name: Robert C. Wigersma
  b. Address: 1112 Bryant Street, Suite 200, San Francisco, CA 94103
  c. Telephone number: (415) 357-0500
  d. The fee for service was: $
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☒ a registered California process server:
      (i) ☐ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.: 1373
      (iii) County: San Francisco

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 6/30/2017

Robert C. Wigersma                            
▸
  (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)               (SIGNATURE)

---



2177115-1

BERMO 185057 5083