Carolyn H. Cottrell (SBN 166977)
David C. Leimbach (SBN 265409)
COTTRELL KONECKY WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Tel.: 415.421.7100; Fax: 415.421.7105
ccottrell@scheiderwallace.com
dleimbach@schneiderwallace.com

E. Michelle Drake (*pro hac vice*)
Joseph C. Hashmall (*pro hac vice*)
BERGER & MONTAGUE, P.C.
43 SE Main Street, Suite 505
Minneapolis, MN 55414
Tel.: 612.594.5999; Fax: 612.584.4470
emdrake@bm.net; jhashmall@bm.net

*Attorneys for Plaintiff*

Pamela Q. Devata (*pro hac vice*)
John W. Drury (*pro hac vice*)
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, IL 60606
Tel.: 312.460.5000; Fax: 312.460.7000
pdevata@seyfarth.com; jdrury@seyfarth.com

Nicole Baarts (SBN 226733)
SEYFARTH SHAW LLP
560 Mission Street, 31st Floor
San Francisco, CA 94105
Tel.: 415.397.2823; Fax: 415.397.8549
nbaarts@seyfarth.com

*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY HOWELL, on behalf of himself and all others similarly situated, | Case No.: 3:17-cv-04305-SK |
| Plaintiff, | **AMENDMENT TO CLASS ACTION SETTLEMENT AGREEMENT** |
| v. | |
| CHECKR, INC., | Judge: Hon. Sallie Kim |
| Defendants. | Courtroom: A, 15th Floor |

Plaintiff Gregory Howell ("Plaintiff") and Defendant Checkr, Inc. ("Defendant") (collectively, the "parties"), by and through their counsel, hereby stipulate and agree to the following modifications to the Class Action Settlement Agreement (ECF No. 55-2).

**1.6.  Claims Period.**  "Claims Period" refers to the **90** calendar days following initial mailing of the Postcard Notice and direction to the Notice of Settlement, during which time a Class Member may submit (a) a Claim Form, (b) an Objection, or (c) a Request for Exclusion.

…

**1.27.   Objection.**  "Objection" refers to a written statement submitted, within **ninety (90)** calendar days after Notice Mailing, to the Settlement Administrator that contains (1) the Objector's full name and current mailing address, (2) the last four digits of the Objector's social security number, (3) the specific reason(s) for the Objection, (4) all evidence and supporting papers (including, without limitation, all briefs, written evidence, and declarations) for the Court to consider, and (5) identification of all counsel representing or assisting the Objector, if any.

…

**1.36.  Request for Exclusion.**  "Request for Exclusion" refers to a written, opt-out request signed by a Class Member and submitted to the Settlement Administrator, within **ninety (90)** calendar days of Notice Mailing, with the following information: (1) the Class Member's full name and current mailing address, (2) the last four digits of the Class Member's social security number, and (3) an express statement that the Class Member wishes to be excluded from the terms of the Agreement.

…

**7.3.1.  Opt Out Procedure.**  Class Members may opt out of this Agreement by mailing the Settlement Administrator a Request for Exclusion within **ninety (90)** days of Notice Mailing.  A Request for Exclusion, to be valid, must be signed and dated by the Class Member, must provide the Class Member's full name (and former names, if

applicable), current address, current telephone number, and the last four digits of the Class Member's social security number, and must include an express statement that the Class Member wishes to be excluded from the terms of the Agreement. Any Request for Exclusion that does not include all of the required information or that is not submitted in a timely manner will be deemed ineffective.

…

**7.4.1.  Objection Procedure.**  Any Objection must be in writing and made using the procedures set forth in the Notice of Settlement, must be submitted within **ninety (90)** days of Notice Mailing, and must contain (1) the Objector's full name and current mailing address, (2) the last four digits of the Objector's social security number, (3) the specific reason(s) for the Objection, (4) all evidence and supporting papers (including, without limitation, all briefs, written evidence, and declarations) for the Court to consider, and (5) identification of all counsel representing or assisting the Objector, if any.

…

**8.8.  Undeliverable or Uncashed Checks.**  All Individual Settlement Payment checks will remain negotiable for **120** days from the date of their mailing. The Settlement Administrator shall notify Class Counsel and Defense Counsel of any undeliverable and uncashed checks.  After **120** days from the mailing, the amount of any settlement checks from the Net Settlement Amount that has not been cashed will be donated so that half the remainder is donated to Public Justice and half is donated to the Southern Center for Human Rights, both of which are national nonprofit legal advocacy organizations who do work to advance enforcement of the FCRA and/or in service of assisting individuals who are facing collateral consequences as a result of interactions with the criminal justice system.

…

**10.6.  Schedule of Contemplated Events.**  These are the events this Agreement contemplates.    The Parties may agree to adjust these deadlines, after Preliminary

Approval, if the adjustments do not materially affect filing and hearing dates set by the Court.

| Deadline for Settlement Administrator to mail CAFA notice | 3 calendar days after filing of Motion for Preliminary Settlement Approval |
|---|---|
| Deadline for Defendant to provide current class list to Settlement Administrator | 10 business days after Preliminary Approval Order |
| Deadline for Settlement Administrator to have settlement website go live | At least one day prior emailing and/or mailing of Postcard Notices |
| Deadline for Settlement Administrator to email and/or mail Notice of Settlement | 10 calendar days after provision of class list to Settlement Administrator |
| Deadline to move for fees and costs, and for Class Representative Service Payment | 44 calendar days after the first date that Postcard Notices are initially emailed and/or mailed |
| Last day to submit Claims, Requests for Exclusion, or Objections | **90** calendar days from the first date that Postcard Notices are initially emailed and/or mailed |
| Settlement Administrator to report on Requests for Exclusion, Objections and other results of class notice | **97** calendar days after the first date that Postcard Notices are initially emailed and/or mailed |
| Deadline to move for Final Approval | 74 calendar days after the first date that Postcard Notices are initially emailed and/or mailed |
| Final Fairness Hearing on Final Approval and on motion for Class Counsel Fees and Class Representative Service Payment | To be set by Court, (if the court requires the motion for final approval to be filed 35 days in advance of the hearing, then the hearing may be no fewer than 109 days after the first date that Postcard Notices are initially emailed and/or mailed.) |
| Effective Date | The date the Final Approval Order and Judgment is entered by the Court, unless there are any Objections filed in which case it is the day on which the deadline for appeals passes, or, if there are appeals, the date on which all appeals are exhausted. |
| Deadline for Defendant to Fund the Gross Settlement Amount | 10 business days after the Effective Date |
| Deadline for Settlement Administrator to distribute Settlement Class Member Payments, Class Representative Service Award if any, and approved attorneys' fees and costs | 15 business days after Effective Date |

| Deadline for Class Counsel to destroy any Confidential Information received from Defendant | 60 calendar days after Effective Date |
|---|---|
| Check Negotiation Period ends | **120** calendar days after distribution of Settlement Class Member Payments |
| Cy Pres donations to be made | Following the end of the Check Negotiation Period |
| Defendant to keep practices in place | For 18 months after the Effective Date |

…

Also attached hereto are additional and/or revised Exhibits to the Settlement Agreement:

**Exhibit A**:    Revised Long-Form Notice

**Exhibit D**:    Email Notice – Auto-Pay; and

**Exhibit E**:    Email Notice – Non-Auto-Pay

Dated: June 26, 2018                    BERGER & MONTAGUE, P.C.

By: /s/E. Michelle Drake
E. Michelle Drake (*pro hac vice*)

ATTORNEY FOR PLAINTIFF

Dated: June 26, 2018                    SEYFARTH SHAW LLP

By: /s/John W. Drury
John W. Drury (*pro hac vice*)

ATTORNEY FOR DEFENDANT

<u>ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1</u>

I, E. Michelle Drake, am the ECF User filing this STIPULATION. In compliance with Civil Local Rule 5-1, I hereby attest that John W. Drury concurred in this filing.

Date: June 26, 2018                    /s/E. Michelle Drake
E. Michelle Drake (*pro hac vice*)