Carolyn H. Cottrell (SBN 166977)
David C. Leimbach (SBN 265409)
SCHNEIDER WALLACE
COTTRELL KONECKY
WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Tel.: 415.421.7100
Fax: 415.421.7105
ccottrell@scheiderwallace.com
dleimbach@schneiderwallace.com

E. Michelle Drake (*pro hac vice*)
Joseph C. Hashmall (*pro hac vice*)
BERGER MONTAGUE PC
43 SE Main Street, Suite 505
Minneapolis, MN 55414
Tel.: 612.594.5999
Fax: 612.584.4470
emdrake@bm.net
jhashmall@bm.net

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GREGORY HOWELL, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>CHECKR, INC.,<br><br>Defendant. | Case No.: 3:17-cv-04305-SK<br><br>**DECLARATION OF E. MICHELLE DRAKE IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, COSTS AND CLASS REPRESENTATIVE SERVICE PAYMENT**<br><br>Date: December 3, 2018<br>Time: 11:00 AM<br>Courtroom: A, 15th Floor<br>Judge: Hon. Sallie Kim |

I, E. Michelle Drake, hereby declare as follows:

1. I am one of Class Counsel in the above-captioned matter.

2. I submit this Declaration in support of Plaintiff's Motion for Attorneys' Fees, Costs, and Class Representative Service Payment.

*Firm and Attorney Qualifications*

3. I am a Shareholder at Berger Montague PC. I have been practicing law since 2001 and am a graduate of Harvard College, Oxford University, and Harvard Law School. In 2016, I joined Berger Montague as a Shareholder, prior to that I was a partner at Nichols Kaster, PLLP, and ran that firm's consumer protection group.

4. Berger Montague specializes in class action litigation and is one of the preeminent class action law firms in the United States. The firm currently consists of over 60 attorneys who primarily represent plaintiffs in complex civil litigation, and class action litigation, in federal and state courts. Berger Montague has played lead roles in major class action cases for over 48 years, and has obtained settlement and recoveries totaling well over $30 billion for its clients and the classes they have represented. A copy of the firm's resume is attached hereto as **Exhibit A**.

5. I serve as co-chair of the firm's Consumer Protection, Fair Debt and Fair Credit, and Technology, Privacy & Data Breach practice groups. My practice focuses on protecting consumers' rights when they are injured by improper credit reporting, and other illegal business practices. I currently serve as lead or co-lead counsel in dozens of class action consumer protection cases in federal and state courts across the country, including numerous cases brought pursuant to the Fair Credit Reporting Act. A copy of my personal resume is attached hereto as **Exhibit B**.

6. I serve on the Board of the National Association of Consumer Advocates, am a member of the Partner's Council of the National Consumer Law Center, and am a Co-Chair of the Consumer Litigation Section for the Minnesota State Bar Association. I have previously served as a member of the Ethics Committee for the National Association of Consumer Advocates, and as Treasurer and At-Large Council Member for the

Consumer Litigation Section of the Minnesota State Bar Association. I was also an appointee to the Federal Practice Committee in 2010 by the U.S. District Court for the District of Minnesota.

7.  I am consistently named to the annual lists of The Best Lawyers of America, Top 50 Women Minnesota Super Lawyers, and Super Lawyers. I have been quoted in the New York Times, and the National Law Journal, and have had prior cases named as "Lawsuits of the Year" by Minnesota Law & Politics.

8.  I present frequently at national and local conferences on class actions, consumer protection, and Fair Credit Reporting Act-related topics, and I co-authored a book chapter on background checks and related issues, "Financial and Criminal Background Checks," Job Applicant Screening: A Practice Guide, Minnesota Continuing Legal Education Publication, May 2014. My recent speaking engagements have included:

- "New Developments in Personal Jurisdiction," Litigator's Short Course, Minnesota Continuing Legal Education, Minneapolis, MN, February 2018.
- "Game Changing Blindspots that Create Privacy Liabilities – a Plaintiff-Side Litigator's Insights," Midwest Legal Conference on Privacy & Data Security, Minneapolis, MN, January 2018.
- "Federal Discovery: Winning Your Cases Early," & "FCRA Report Disclosures: Issues and Litigation," Consumer Rights Litigation Conference, National Consumer Law Center, Washington, D.C., November 2017.
- "Strategic Response to Recent Supreme Court Decision in *Bristol-Meyers*," Class Action Symposium, Consumer Rights Litigation Conference, National Consumer Law Center, Washington, D.C., November 2017.
- "The Times They Are a-Changin': The Role of Administrative Agencies and Private Counsel in the Trump Era," American Bar Association Annual National Institute on Class Actions, Washington, D.C., October 2017.

- "The CFPB's New Rule on Arbitration: What It Is and What Comes Next," Minnesota State Bar Association Continuing Legal Education, Minneapolis, MN, September 2017.
- "Standing: Assessing Article III Jurisdiction One Year after Spokeo," Minnesota State Bar Association Continuing Legal Education, Minneapolis, MN, June 2017.
- "House Resolution 985 – Update and Strategies for Defeat," Cambridge Forums' Plaintiffs' Class Action Forum, Carefree, AZ, May 2017.
- "TCPA/FCRA/Debt Collection Issues," PLI 22nd Annual Consumer Financial Services Institute, Chicago, IL, May 2017.
- "Case Law and Recent Trial Update Panel," Fair Credit Reporting Act Conference, National Association of Consumer Advocates, Baltimore, MD, April 2017.

9. I litigate cases throughout the United States and have been admitted to, and am a member in good standing with, the following courts:

- United States Supreme Court, 2017
- State Bar of Georgia, 2001
- Georgia Supreme Court, 2006
- Minnesota Supreme Court, 2007
- U.S. Court of Appeals for the Eighth Circuit, 2010
- U.S. Court of Appeals for the First Circuit, 2011
- U.S. Court of Appeals for the Seventh Circuit, 2014
- U.S. Court of Appeals for the Ninth Circuit, 2015
- U.S. District Court for the Northern District of Georgia, 2007
- U.S. District Court for the District of Minnesota, 2007
- U.S. District Court for the Eastern District of Wisconsin, 2011
- U.S. District Court for the Western District of Texas, 2011
- U.S. District Court for the Western District of Wisconsin, 2015

-4-    Case No.:3:17-cv-04302-SK

- U.S. District Court for the Eastern District of Michigan, 2015
- U.S. District Court for the Central District of Illinois, 2016
- U.S. District Court for the Southern District of Texas, 2017
- U.S. District Court for the District of Colorado, 2017
- U.S. District Court for the Western District of New York, 2017

10. I have served as lead, or co-lead, class counsel in numerous notable consumer protection matters, including, but not limited to, the following:

*Rubio-Delgado v. Aerotek, Inc.*, No. 16-cv-1066 (S.D. Ohio). FCRA class action, alleging violations by employer, resulting in a $15 million settlement.

*Knights v. Publix Super Markets, Inc.*, No. 14-cv-720 (M.D. Tenn.). FCRA class action, alleging violations by employer, resulting in a $6.75 million settlement.

*Hillson v. Kelly Services, Inc.*, No. 15-cv-10803 (E.D. Mich.). FCRA class action, alleging violations by employer, resulting in a $6.749 million settlement.

*Ernst v. DISH Network, LLC & Sterling Infosystems, Inc.*, No. 12-cv-8794 (S.D.N.Y.). FCRA class action, alleging violations by employer and consumer reporting agency, resulting in a $4.75 million settlement with consumer reporting agency, and a $1.75 million settlement with employer.

*Brown v. Delhaize America, LLC*, No. 14-cv-195 (M.D.N.C.). FCRA class action, alleging violations by employer, resulting in $2.99 million settlement.

*Nesbitt v. Postmates, Inc.*, No. CGC-15-547146 (Cal. Super. Ct., San Fran. Cnty.). FCRA class action, alleging violations by employer, resulting in a $2.5 million settlement.

*Singleton v. Domino's Pizza, LLC*, No. 11-cv-1823 (D. Md.). FCRA class action, alleging violations by employer, resulting in a $2.5 million settlement.

*Heaton v. Social Finance, Inc.*, No. 14-cv-5191 (N.D. Cal.). FCRA class action, alleging violations by lender, resulting in a $2.5 million settlement.

*Halvorson v. TalentBin, Inc.*, No. 15-cv-5166 (N.D. Cal.). FCRA class action, alleging violations by online data aggregator, resulting in a $1.15 million settlement.

*Legrand v. IntelliCorp Records, Inc.*, No. 15-cv-2091 (N.D. Ohio). FCRA class action, alleging violations by consumer reporting agency, resulting in a $1.1 million settlement.

*In re Target Corp. Customer Data Security Breach Litig.*, MDL No. 14-2522 (D. Minn.). Data security breach class action, resulting in a $10 million settlement for consumers (approval currently pending on appeal).

11. My litigation efforts and experience have received judicial acknowledgement and praise throughout the years of my practice. Examples of such recognition include:

From Judge Harold E. Kahn, Dep't 302, Superior Court of Cal., San Fran. Cnty.:

You're very articulate on this issue. … Obviously, you're very thoughtful and you have given it a great deal of thought. … And I appreciate your ability to respond to my questions off the cuff. … It shows that you have given these issues a lot of thought ... I have to say that your thoughtfulness this morning has somewhat diminished my concerns [regarding high multiplier on attorney fees]… You're demonstrating credibility by a mile as you go….You are extraordinarily impressive. And I thank you for being here, and for your candid, noninvasive [sic] response to every question I have. I was extremely skeptical at the outset this morning. You have allayed all of my concerns and have persuaded me that this is an important issue, and that you have done a great service to the class. And for that reason, I am going to approve your settlement in all respects… And I congratulate you on your excellent work.

Nov. 7, 2017, Final Approval Hearing, *Nesbitt v. Postmates, Inc.*, No. CGC-15-547146.

From Judge Laurie J. Michelson, United States District Court, E.D. Mich.:
Counsel's quality of work in this case was high. The Court has been impressed with counsel's in-court arguments. And counsel has provided the Court with quality briefing as well.

Aug. 11, 2017, Opinion & Order on Mtn. for Atty. Fees, and Mtn. for Final Approval, *Hillson v. Kelly Services, Inc.*, No. 15-cv-10803.

From Magistrate Judge Terence P. Kemp, United States District Court, S.D. Ohio:

The parties in this case are represented by counsel with substantial experience in class action litigation, and FCRA cases in particular. … Class Counsel are experienced and knowledgeable in FCRA litigation, are skilled, and are in good standing.

June 30, 2017, Report & Recomm'n. on Final Approval, *Rubio-Delgado v. Aerotek, Inc.*, No. 16-cv-1066.

From Judge Paul A. Magnuson, United States District Court, D. Minn.:

[T]he class representatives and their counsel more than adequately protected the class's interests. … [T]he comprehensive nature of the settlement in turn, reflects the adequacy, indeed the superiority, of the representation the class received from its named Plaintiffs and from class counsel.

May 17, 2017, Mem. & Order on Mtn. to Certify Class, *In re Target Corp. Customer Data Sec. Breach Litig.*, MDL No. 14-2522.

From Judge Paul A. Engelmayer, United States District Court, S.D.N.Y.:

The high quality of [plaintiffs' counsel]'s representation strongly supports approval of the requested fees.  The Court has previously commended counsel for their excellent lawyering. …The point is worth reiterating here. [Plaintiffs' counsel] was energetic, effective, and creative throughout this long litigation.  The Court found [Plaintiffs' counsel]'s briefs and arguments first-rate.  And the documents and deposition transcripts which the Court reviewed in the course of resolving motions revealed the firm's far-sighted and strategic approach to discovery. … Further, unlike in many class actions, plaintiffs' counsel did not build their case by piggybacking on regulatory investigation or settlement. … The lawyers [] can genuinely claim to have been the authors of their clients' success.

Sept. 22, 2015, Final Approval Order, *Hart v. RCI Hospitality Holdings, Inc.*, No. 09-cv-3043.

From Magistrate Judge Laurel Beeler, United States District Court, N.D. Cal.:

Counsel have worked vigorously to identify and investigate the claims in this case, and, as this litigation has revealed, understand the applicable law and have represented their clients vigorously and effectively.

June 13, 2014, Order Granting Mtn. for Class Cert., *Ellsworth v. U.S. Bank, N.A.*, No. 12-cv-2506.

From Judge Richard H. Kyle, United States District Court, D. Minn.:

Well, I think you did a great job on this.  I mean, I really do. … it seems to me you folks have gotten it done the right way.

Jan. 6, 2014, Prelim. Approval Hearing, *Bible v. General Revenue Corp.*, No. 12-cv-1236.

From Judge Deborah Chasanow, United States District Court, D. Md.:

[plaintiffs' counsel] are qualified, experienced, and competent, as evidenced by their background in litigating class-action cases involving FCRA violations. … As noted above, Plaintiffs' attorneys are experienced and skilled consumer class action litigators who achieved a favorable result for the Settlement Classes.

Oct. 2, 2013, Final Approval Order, *Singleton v. Domino's Pizza, LLC*, No. 11-cv1823.

From Judge Lorna G. Schofield, United States District Court, S.D.N.Y.:

[Plaintiffs' Counsel] has demonstrated it is able fairly and adequately to represent the interests of the putative class.

July 23, 2013, Order Appointing Interim Lead Counsel, *Ernst v. DISH Network, LLC*, No. 12-cv-8794.

From Judge Susan M. Robiner, Minnesota District Court, Henn. Cnty.:

Plaintiffs' counsel are adequate legal representatives for the class. They have done work identifying and investigating potential claims, have handled class actions in the past, know the applicable law, and have the resources necessary to represent the class. The class will be fairly and adequately represented.

Oct. 16, 2012, Order Granting Mtn. for Class Cert., *Spar v. Cedar Towing & Auction, Inc.*, No. 27-CV-411-24993.

12. Joseph C. Hashmall is an associate at Berger Montague. He has concentrated his practice on FCRA litigation for the last several years. He is counsel of record on many active FCRA cases nationwide.

13. Elizabeth Peterson is a staff attorney at Berger Montague. She has been working extensively on the claims review process for the settlement. She previously had clerked in a state trial court for three years, where she gained substantial criminal and civil experience.

### *Work in this Matter*

14. Before taking on this case, Class Counsel negotiated a customary one-third contingency fee with Plaintiff, with the understanding that this amount was an appropriate incentive for Class Counsel to take on the financial risks involved in the representation. Class Counsel also agreed to advance all costs of the litigation. Plaintiff and Class Counsel agreed that Counsel would receive reimbursement for their costs from the value of a successful judgment or settlement, after a deduction for the one-third contingency fee. Class Counsel have worked without compensation or reimbursement for their time and have paid, without reimbursement, all out-of-pocket expenses necessary to litigate and settle this case.

15. Class Counsel extensively researched and vetted the claims, and potential plaintiffs, to be brought in this litigation. Class Counsel reviewed all potential clients and claims, worked with those potential clients to request their consumer files from Defendant in order to review all relevant paperwork, diligently strove to ensure the Class Members were represented by an appropriate class representative, and that the claims brought were sufficiently documented.

16. Class Counsel and Defendant exchanged informal and formal discovery prior to the mediation. This exchange included written requests and responses, document productions, narrative descriptions from Defendant of algorithms and policies, and expert review of potential queries to use to identify class members.

17. Class Counsel have committed to systematically reviewing all Settlement Class Members' reports who have returned a Claim Form. Class Counsel have conducted state-by-state research on each low-level offense record in the reports, meticulously gathered data and not only made determinations for payment eligibility purposes, but also ensuring that their conclusions are memorialized for Defendant's future use should it decide to return to reporting low-level offenses after the agreed-upon eighteen month prohibition has passed. This process has been performed methodically, with Class Counsel downloading each report from the Settlement Administrator's fileshare,

identifying the state for which the reported offense(s) occurred (to date, this has covered 42 states), recording each claimant's Unique ID number that has been assigned and organizing the information in a data-compilation spreadsheet, identifying the report date and the date(s) of the dispositions(s) of the offense(s), calculating whether the offense(s) predates the report date by more than seven years and recording determination made, identifying the applicable state statute (and/or various state, local, and municipal codes if a statute is not noted on the report), and researching relevant law to determine whether the offense is a "crime" that resulted in a guilty disposition, recording the statute number and definition and/or caselaw interpreting the statute on the particular offense, and making a determination on the report.

18.  Other tasks performed by Class Counsel included, but were not limited to, (1) communicating regularly with Plaintiff, (2) drafting and filing the complaint, (3) meeting and conferring with Defendant's counsel regarding discovery issues, (4) researching and drafting a mediation brief which canvassed the applicable law and the risks of litigation, both to certification and the merits, (5) preparing for and participating in the mediation session, (6) engaging in extended settlement negotiations with Defendant's counsel, (7) exchanging drafts of, finalizing, and amending the Settlement Agreement and Notices, (8) researching and drafting the preliminary approval brief, and (9) responding to calls from Settlement Class Members with questions about the settlement.

19.  Class Counsel anticipates contributing additional time and effort to the case leading up to, and after, the settlement is finally approved.  This will include, (1) continuing to review, analyze, conduct relevant research, and record findings from, the claiming Settlement Class Members' reports as they are submitted by Defendant, (2) continuing to oversee the administration of the settlement, (3) researching and drafting final approval papers, (4) preparing, travelling, and appearing, for the final fairness hearing, and (5) continuing to respond to Settlement Class Members' inquiries regarding the settlement.

20. The costs incurred by Class Counsel include case tracking expenses ("Courtlink"). Class Counsel's actively monitors all new FCRA filings. Class Counsel also monitors developments on a daily basis on FCRA cases that touch on relevant issues. These efforts enabled Class Counsel to negotiate a substantial and meaningful settlement of this case, by comparing it to other FCRA cases, and by distinguishing it from other cases that settled for less, including numerous cases that involved unpublished opinions. The research also allowed Class Counsel to effectively assess the reasonableness of the recovery in this matter and motivated Class Counsel to negotiate a settlement. The expenses for this tracking are divided among Counsel's active FCRA cases each month.

21. The Class Representative has played a valuable role in bringing this litigation to a successful conclusion. Among other things, Plaintiff has: (1) assisted with Counsel's investigation of the facts, (2) reviewed the complaint prior to filing, (3) provided documents to Counsel, (4) consulted with Counsel throughout settlement negotiations, (5) reviewed and approved the final Settlement Agreement, and (6) regularly communicated with Class Counsel and provided input and answers to questions whenever needed.

22. Class Counsel's review of claims made to date shows that approximately 55% of claims are ultimately eligible for a settlement payment.

*Exhibits*

23. Attached hereto as Exhibits are true and correct copies of the following:

**Exhibit A:**   Firm Resume;

**Exhibit B:**   Personal Resume;

**Exhibit C:**   Report of Stan Smith;

**Exhibit D:**   Fees Entries, redacted for privilege; and

**Exhibit E:**   Costs Entries.

The foregoing statement is made under penalty of perjury, and is true and correct to the best of my knowledge and belief.

Date: October 8, 2018         /s/E. Michelle Drake
                              E. Michelle Drake

-12-            Case No.:3:17-cv-04302-SK

DRAKE DECLARATION IN SUPPORT OF MOT. FOR ATTY'S FEES.